1    Kara Ann Smith, Esq. (SBN 112088)
     Douglas R. Livingston, Esq. (SBN 143129)
2    VAN DE POEL, LEVY & ALLEN, LLP
     425 California Street, 19th Floor
3    San Francisco, CA 94104
     Telephone:   (415) 291-8844
4    Facsimile:    (415) 291-8855
     ksmith@vanlevylaw.com
5    dlivingston@vanlevylaw.com

6    *Attorneys for Defendant, AMERICAN DATABANK, LLC*

7



**FILED**

AUG 1 6 2013

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9               **UNITED STATES DISTRICT COURT**

         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11      **CV** CASE NO. **13**    **3829**

     JANE ROE

12             Plaintiff,

13        vs.

14      AMERICAN DATABANK, LLC, a foreign
     corporation doing business in California, and
15      DOES 1 – 10 inclusive,

16            Defendants.

17

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**[28 U.S.C. § 1331; CLASS ACTION FAIRNESS ACT]**
Date of Filing: June 7, 2013 (in Alameda County Superior Court, Case No. HG13682746)

18        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19 DISTRICT of CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS of RECORD:

20          PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 1331, 1332(d), 1441, 1446,

21 and 1453, Defendant American Databank, LLC ("American Databank"), with a full reservation of

22 rights, hereby removes to this Court the action entitled *Jane Roe v. American Databank, LLC*

23 (HG13682746), previously filed in the Superior Court of the State of California for the County of

24 Alameda. The grounds for removal are as follows:

25        1.      On June 7, 2013, a civil action was commenced in the Superior Court of the State of

26 California for the County of Alameda, entitled *Jane Roe v. American Databank, LLC*

27 (HG13682746).    True and correct copies of the Summons, Complaint, Alternative Dispute

28

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street
19th Floor
San Francisco, CA 94104-
Tel. (415)291-8844
Fax: (415)291-8855

{01049973.DOC;1}                1

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

1  Resolution package, Civil Case Cover Sheet, Proof of Service of Summons, Notice of Hearing, and
2  Notice of Assignment of Judge for All Purposes are attached hereto as Exhibit A.

3  2. The Summons, Complaint, Alternative Dispute Resolution package, Civil Case Cover
4  Sheet, Proof of Service of Summons, Notice of Hearing, and Notice of Assignment of Judge for All
5  Purposes, which are attached hereto as Exhibit A, constitute all process, pleadings, and orders served
6  upon American Databank in the State Court action to date.

7  3. According to the Proof of Service of Summons, copies of the Summons, Alternative
8  Dispute Resolution package, CMC Order 07152013 and Class Action Complaint 07152013 were
9  personally served on American Databank's registered agent for service of process on July 19, 2013 at
10 2:58 p.m. pursuant to Section 416.90 of the California Civil Code of Procedure.

11 ## JURISDICTION

12 4. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it
13 arises under the laws of the United States.

14 5. Specifically, this action is a putative Class Action seeking, *inter alia*, statutory
15 damages, punitive damages, and attorneys fees for alleged violations of the Fair Credit Reporting
16 Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA is a federal statute. "An action to enforce any
17 liability created under this title [the FCRA, federal law] may be brought in any appropriate United
18 States district court, without regard to the amount in controversy, or in any other court of competent
19 jurisdiction,..." 15 U.S.C. § 1681.

20 6. This Court also has original jurisdiction over this action pursuant to the Class Action
21 Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). CAFA vests federal courts with original
22 jurisdiction over class actions in which (a) the number of members of all proposed Plaintiffs in the
23 purported Classes in the aggregate equals or exceeds 100; (b) the amount in controversy exceeds
24 $5,000,000; and (c) any member of the putative class of Plaintiffs is a citizen of a state different
25 from any Defendant. See 28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-
26 21 (9th Cir. 2007). This suit satisfies all of the requirements under CAFA for federal jurisdiction.

27 7. CAFA's Class size requirement is met because Plaintiff seeks to certify a nationwide
28 Class about which she alleges "Thousands of DATABANK's prospective and existing employees

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street,
19ᵗʰ Floor
San Francisco, CA 94104-
Tel. (415)291-8844
Fax: (415)291-8855

{01049973.DOC;1}                                    2

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

1    satisfy the definition of the Class." (Compl. ¶ 61) CAFA's amount in controversy requirement is met
2    because Plaintiff seeks statutory damages of up to $1,000 per violation for each and every one of the
3    potentially thousands of class members nationwide, in addition to punitive damages and attorneys'
4    fees. (Compl. Prayer for Relief p. 10 ¶¶ 49-50, p. 11 ¶¶ 54-55, and p. 12 ¶¶ 56-57.) CAFA's minimal
5    diversity requirement is met because Defendant American Databank is a Limited Liability Company
6    that only has an office in Denver, Colorado, while Plaintiff, a member of the putative Class, is "a
7    resident of the County of Solano in the State of California" (Compl. P. 5, ¶ 16). Thus, at least one
8    member of the putative class of Plaintiffs is a citizen of a state different from the Defendant.

9        8.      None of the exceptions in 28 U.S.C. §§ 1332(d)(3), (4), (5), or (9) apply. Plaintiff
10   bears the burden of establishing the applicability of any exception to CAFA jurisdiction. *Serrano*,
11   478 F.3d at 1021-22.

12                            **PROCEDURAL STATEMENTS**

13       9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b).

14       10.     As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders received by
15   American Databank in the state court action are included in Exhibit A, attached hereto.

16       11.     As required by 28 U.S.C. § l446(d), the undersigned counsel certifies that a true and
17   correct copy of this Notice of Removal will be filed promptly with the clerk of the Superior Court of
18   the State of California for the County of Alameda.

19       12.     As required by 28 U.S.C. § l446(d), the undersigned counsel certifies that written
20   notice of the filing of this Notice of Removal will be given promptly to all parties and will be filed
21   promptly with the clerk of the Superior Court of the State of California for the County of Alameda.

22       13.     Defendant American Databank, LLC reserves the right to amend or supplement this
23   Notice of Removal.

24       14. By removing this matter, Defendant American Databank, LLC does not waive, and
25   expressly preserves, any and all defenses it may have to Plaintiff's Complaint.

26   / / /

27   / / /

28   / / /

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street,
19ᵗʰ Floor
San Francisco, CA 94104-
Tel. (415)291-8844
Fax: (415)291-8855

{01049973.DOC;1}                                    3

1    WHEREFORE, Defendant American Databank, LLC, removes the above-captioned action

2 from the Superior Court of the State of California for the County of Alameda to this Court for the

3 reasons stated above, or for any other reasons the Court deems necessary and proper.

DATED: August _16, 2013              **VAN DE POEL, LEVY & ALLEN, LLP**

By: _____
     KARA ANN SMITH, ESQ. (SBN 112088)
     DOUGLAS R. LIVINGSTON, ESQ. (SBN 143129)

     VAN DE POEL, LEVY & ALLEN, LLP
     425 California Street, 19th Floor
     San Francisco, California 94104
     Telephone: (415) 291-8844
     Facsimile: (415) 291-8855

     Attorneys for Defendant AMERICAN
     DATABANK, LLC

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street,
19th Floor
San Francisco, CA 94104-
Tel. (415)291-8844
Fax: (415)291-8855

{01049973.DOC;1}                                    4

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN DATABANK, LLC., a foreign corporation doing business in California, and DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE ROE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**JUN 0 7 2013**

CLERK OF THE SUPERIOR COURT
By **Blake Kreeft**
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

HAYWARD HALL OF JUSTICE
24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
**H G 1 3 6 8 2 7 4 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **JUN 0 7 2013**
*(Fecha)*

LEAH T. WILSON
EXECUTIVE OFFICER/CLERK

Clerk, by **Blake Kreeft** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

Attorneys for Plaintiff
JANE ROE

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 7 2013

CLERK OF THE SUPERIOR COURT
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

| | |
|---|---|
| JANE ROE<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN DATABANK, LLC, a foreign corporation doing business in California; and DOES 1-10 inclusive.<br><br>    Defendants. | CASE NO: **R G 1 3 6 8 2 7 4 6**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. Violations of the Fair Credit Reporting Act. 15 U.S.C. §1681, et seq.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT - 1

Plaintiffs JANE ROE (hereafter as "Plaintiffs") complain against Defendants AMERICAN DATABANK, LLC. ("DATABANK") and DOES 1-10 inclusive (collectively as "Defendant(s)" or "DATABANK"), and alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action to seek redress for a background check report or consumer report that Defendant DATABANK furnished in violation of the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*). The consumer report caused Plaintiff to be terminated from a nursing school as well as her nursing clinical training program based on the disclosure of prohibited information.

## GENERAL ALLEGATIONS

2.  This is a case about a consumer reporting agency's willful failure to follow federal laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

3.  DATABANK is a large consumer reporting agency which routinely assembles and furnishes consumer reports to schools, vocational training facilities and/or employers for purposes of evaluating the consumer's eligibility for admission and/or employment.

4.  Recognizing that consumers depend on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use and content of those reports through the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*).

5.  The FCRA is a Congress's effort to ensure that employers use consumer report information in a manner which is "fair and equitable to the consumer" and to "respect...the consumer's right to privacy," *Id.*

6.  On or about June 8, 2011, DATABANK furnished a consumer report to EVERGREEN VALLEY COLLEGE ("EVERGREEN") in connection with Plaintiff's admission in to EVERGREEN's nursing student program and VALLEY MEDICAL CENTER's clinical internship program.

7.  The consumer report was in fact issued for an "employment" purpose within the meaning of the FCRA, 15 USC §1681a(d)(1)(B) and 1681b(a)(3)(B). (*Hoke v. Retail Credit Corp.* (4th

Cir. 1975) 521 F.2d 1079, 1082 [consumer report furnished to medical board for license to practice medicine constitutes an "employment" purpose for purposes of the FCRA because an "employment" purpose under the Act is not limited to common-law definitions]; *see also* FTC Official Staff Commentary §603(h), July 2011 available at http://www.ftc.gov/os/2011/07/110720fcrareport.pdf ["employment purposes" within the meaning of the FCRA is "interpreted liberally to effectuate the broad remedial purpose of the FCRA. it may apply to situations where an entity uses individuals who are not technically employees to perform duties."].

8.   Indeed, DATABANK'S own report states that the report was for "*pre-employment*" purposes (Exhibit 1, P. 3).

9.   According to a website authored by DATABANK, "[s]ince 2004, the Join Commission on Accreditation of Hospital Organizations (JCAHO) has required that students participating in clinical internship programs undergo the same background checks as hospital staff and volunteers." (http://evcbackgroundcheck.com/faq.asp, last viewed June 7, 2013).

10.   At all times relevant herein, VMC was such a clinical internship program and an intended user of the consumer report on Plaintiff furnished by DATABANK.

11.   Under the FCRA, special rules apply to consumer reports issued for employment purposes. Specifically, a consumer reporting agency such as DATABANK must follow extremely stringent authorization and certification procedures to ensure that the report was properly furnished and used in compliance with Federal and State equal opportunity employment laws and regulations.

12.   Plaintiff is informed and believes and thereon alleges that DATABANK failed to obtained authorization compliant with 15 USC §1681b(b)(2) and a certification compliant with 15 USC §1681b(b)(1) prior to furnishing the report to VMC.

13.   Specifically, the authorization failed to properly identify VMC as a user although Defendant knew or should have known that VMC will use the information in assessing Plaintiff's admission into its clinic training program.

14.   The authorization furthered required Plaintiff to release DATABANK, EVERGREEN and VMC of all liability including any statutory violation under the FCRA. This is impermissible under not only the public interest of the state of California but also 15 USC §1681b(b)(2).

15.   Secondly, the report impermissibly disclosed a misdemeanor conviction dismissed pursuant to Cal. Pen. C. §1203.4 (colloquially known as the expungement statute) and the use of

which by the employer is in violation of California's equal employment opportunity regulation pursuant to 2 CCR §7287.4(d)(1)(B).

16. VMC used the information furnished in the consumer report to deny Plaintiff admission into its clinical program which is intended, and understood by DATABANK to be an "employment" purpose.

17. Prior to furnishing a consumer report, the consumer reporting agency such as DATABANK is required to obtain a certification from the user that it will not use the information in violation of state equal employment opportunity laws and regulation.

18. Plaintiff is informed and believes, and thereon alleges that DATABANK in furnishing the consumer report failed to obtain said certification and/or failed to use reasonable procedures to ensure compliance with said certification prior to furnishing the subject consumer report to VMC in violation of 15 USC §1681b(b)(1)(A)(ii).

19. Prior to furnishing the consumer report, DATABANK also obtained a release from Plaintiff seeking for her to prospectively release all liability against DATABANK, VMC, and EVERGREEN including a release of Plaintiff's rights under the FCRA as well as other relevant federal and state law in violation of 15 USC §1681b(b)(2)(A)(i).

20. The FCRA prohibits the furnishing of a consumer report "unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 USC §1681(b)(2)(A)(i) (emphasis added).

21. The disclosure requirements are especially important because consumers need to know when they are going to be evaluated for employment based on a consumer report. Consumers have a right to copies of their consumer reports, and it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors. *Up to twenty-six percent of consumers have material errors in their consumer reports.* (U.S. Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003* (Dec. 2012) available online at: www.ftc.gov/os/2013/02/130211factareport.pdf (last accessed March 28, 2013).

22. The purported release of liability is anathema to the purpose of the FCRA's disclosure requirements. It turns a document that is supposed to serve as a *notice* of consumer's rights into a

document which purports to serve as a *waiver* of those same legal rights. This is virtually conclusive evidence of the willfulness of DATABANK's willful violation of the FCRA.

23. In a pattern and practice of related violations, DATABANK's conduct has consistently undermined Congress's carefully struck balance, unlawfully placing its business interests above the rights of consumers.

24. Based on DATABANK's conduct, Plaintiff asserts FCRA claims on behalf of himself and a class of prospective and existing consumers subject to consumer reports furnished by DATABANK defined below. On behalf of herself and the Class, Plaintiff seeks statutory damages, punitive damages, attorney's fees, litigation expenses and costs, and all other appropriate relief.

## THE PARTIES

1. Plaintiff JANE ROE is, and at all times relevant herein was, a resident of the County of Solano in the State of California.

2. Defendant DATABANK is and at all times herein mentioned was, a foreign corporation that regularly engages in business in California and with a principal place of business in Colorado.

3. For purposes of the FCRA, DATABANK is a "consumer reporting agency" as defined under 15 USC §1681a(f) because they are "person which, for monetary fees, dues...regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

4. A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for....employment." 15 USC §1681a(d) (emphasis added).

5. DATABANK's reports, including the background check report at issue in the present case, contain background information on consumers regarding their general reputation, character,

mode of living or other personal characteristics. Among other things, DATABANK's reports typically include information regarding criminal histories.

6.   Defendant DATABANK sells background check reports to, among others, prospective educational institutions.  Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

7.   Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## PLAINTIFF JANE ROE

25.  On January 25, 2005, Plaintiff was convicted of one count of violation of Cal. Pen. C. §487(grand theft, $400 or higher) for stealing merchandize from her previous employer.

26.  Plaintiff was 18 at the time of the incident.

27.  Plaintiff never committed any other criminal acts prior to or following her conviction.

28.  Following the 2005 incident, Plaintiff successfully completed college and obtained her associate's and bachelor's degree and decided to apply to nursing school to continue her career goals.

29.  On or about November 9, 2009, Plaintiff petitioned the Contra Costa County Superior court for dismissal pursuant to Cal. Pen. C. §1203.4 (colloquially known as "expungement") of her criminal case. Based on the recommendations provided by the Contra Costa County probation department and the fact that she successfully completed all terms and conditions of her probation, the Court granted her petition.

30.  Pursuant to the petition for relief under Cal. Pen. C. §1203.4, the Court permitted Plaintiff to withdraw her plea of guilty, entered a plea of not guilty, and set aside the conviction and dismissed all charges against Plaintiff arising out of the violation of Cal. Pen. C. §487.

31.  Pursuant to Cal. Pen. C. § 1203.4, Plaintiff was ordered to be "released from all penalties and disabilities resulting from the offense of which [she] has been convicted," and thereafter

benefits from the protection under the California equal employment opportunity regulation pursuant to 2 Cal. Code of Reg. § 7287.4(d)(1)(B), which prohibits employers from inquiring about "any misdemeanor conviction for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed pursuant to Penal Code Section 1203.4."

32. Following the dismissal, Plaintiff studied and completed her nursing school admissions exam. On October 7, 2010, Plaintiff completed an application for admission into EVERGREEN's registered nursing program. Due to her outstanding academic achievement and her grades on the admissions exam, Plaintiff was admitted in EVERGREEN's register nursing program.

33. As part of the enrollment requirements, EVERGREEN required Plaintiff to submit herself to a criminal background check administered by Defendant DATABANK.

34. Due to EVERGREEN's mandate, Plaintiff signed an authorization form on April 29, 2011 authorizing DATABANK to conduct her criminal history screening (hereafter as "subject authorization form") to determine the "eligibility of [her] acceptance into [EVERGREEN]'s educational program."

35. The subject authorization form required Plaintiff to "release and discharge American DataBank, and all of its agents and associates, any...liabilities, or any other charges or complaints for the investigative process."

36. On or about June 8, 2011, Defendant DATABANK issued a consumer report disclosing Plaintiff's criminal charges previously dismissed pursuant to Penal Code Section 1203.4.

37. In addition, although the original conviction occurred in 2004, the ICR disclosed the disposition date as "11/9/09" misleading the reader as to the recency of the incident.

38. The consumer report was furnished to EVERGREEN by "E-Mail," and Plaintiff never received a copy of the consumer directly from DATABANK until long after the denial of her enrollment.

39. On the basis of this consumer report, EVERGREEN terminated Plaintiff's enrollment from its nursing program.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff asserts his claim on behalf of the Class defined as follows:

Proposed Class:    All individuals on whom DATABANK procured consumer

reports for employment purposes in the period beginning two years prior to the filing of this Complaint and continuing through the date the Class list is prepared.

41. <u>Numerosity:</u> The Class is so numerous that joinder of all Class members is impracticable. DATABANK regularly uses its disclosure to procure consumer reports on prospective and existing employees. Thousands of DATABANK's prospective and existing employees satisfy the definition of the Class.

42. <u>Typicality:</u> Plaintiff's claims are typical of the members of the Class. DATABANK typically uses an identical disclosure to procure consumer reports on prospective and existing employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Class members, and DATABANK treated Plaintiff consistent with other Class members in accordance with its standard policies and practices.

43. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class-action litigation.

44. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether DATABANK procured consumer reports on prospective and existing employees;

b. Whether DATABANK violated the FCRA by procuring such consumer reports without a disclosure that was FCRA compliant;

c. Whether DATABANK's violations of the FCRA were willful;

d. The proper measure of statutory damages; and

e. The proper measure of punitive damages.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint

stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

46.     Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the Class members are available from Defendant's records.

## CLAIM FOR RELIEF

### Procuring Consumer Reports without First Making Proper Disclosures
### 15 U.S.C. § 1681b(b)(2)(A)(i)

47.     DATABANK furnished "consumer reports," as defined by the FCRA, on the Plaintiff and all Class members. These reports were furnished for employment purposes without first providing Plaintiff or any Class member a clear and conspicuous disclosure in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

48.     The foregoing violations were willful. DATABANK acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). DATABANK's willful conduct is reflected by, *inter alia*, the following:

a.     The FCRA was enacted in 1970; DATABANK, which was founded in 1983, has had 30 years to become compliant;

b.     DATABANK is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

c.     DATABANK's conduct was inconsistent with the FTC's longstanding regulatory

guidance, judicial interpretation, and the plain language of the statute;

d.  DATABANK knew or had reason to know that its conduct violated the FCRA;

e.  DATABANK repeatedly and routinely uses the disclosure it used in this case to procure consumer reports;

f.  DATABANK's similarly situated competitors clearly and conspicuously disclose to prospective and existing employees, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes;

g.  DATABANK's inclusion of a release of claims clearly implies awareness by DATABANK that it could be held liable for improperly procuring a consumer report;

h.  Despite the pellucid statutory text and there being a depth of guidance, DATABANK systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

i.  By adopting such a policy, DATABANK voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

49.  Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

50.  Plaintiff and the Class are entitled to such amount of punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

51.  Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## CLAIM II FOR RELIEF
### Furnishing Consumer Reports without First Obtaining Proper Certification
### 15 U.S.C. § 1681b(b)(2)(A)(i)

52.  DATABANK furnished "consumer reports," as defined by the FCRA, on the

Plaintiff and all Class members. These reports were procured for employment purposes without first obtaining a proper certification from all intended users pursuant to 15 USC §1681b(b)(1).

53.     The foregoing violations were willful. DATABANK acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(1). DATABANK's willful conduct is reflected by, *inter alia*, the following:

j.      The FCRA was enacted in 1970; DATABANK, which was founded in 1983, has had 30 years to become compliant:

k.      DATABANK knew that it is required to comply with the mandates of the FCRA prior to furnishing consumer reports including obtaining a proper certification compliant with 15 USC §1681b(b)(1). Indeed, DATABANK provides, as a part of its customer service agreement the required certification which the customer must execute prior to the furnishing consumer reports. (*See* http://www.americandatabank.com/forms/CustomerServiceAgreement.pdf, last viewed June 7, 2013).

l.      Nevertheless, DATABANK routinely disregards this certification requirement and does not require all users to provide the proper certification prior to disclosing a consumer report that is expected to be used by the same. These users include, but not limited to hospitals hosting clinical internship programs.

m.      DATABANK's conduct was inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

n.      DATABANK knew or had reason to know that its conduct violated the FCRA;

o.      By adopting such a policy, DATABANK voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

55.     Plaintiff and the Class are entitled to such amount of punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

56.     Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681o(a)(3).

## PRAYER FOR RELIEF

57,     WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

a.      Determining that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b.      Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the Class;

c.      Issuing proper notice to the Class at DATABANK's expense;

d.      Declaring that DATABANK committed multiple, separate violations of the FCRA;

e.      Declaring that DATABANK acted willfully, in deliberate or reckless disregard of Plaintiff's and the Class's rights and DATABANK's obligations under the FCRA;

f.      Awarding statutory and punitive damages as provided by the FCRA;

g.      Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

58.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

Respectfully submitted,

Dated: June 7, 2013

THE LAW OFFICES OF DEVIN H. FOK

By:

Devin H. Fok

ATTORNEY FOR INDIVIDUAL AND
REPRESENTATIVE PLAINTIFF

# EXHIBIT "1"





# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY | |
|---|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                 Time:                Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation       ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▷_____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF)

Date:

_____   ▷_____
(TYPE OR PRINT NAME)              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▷_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____    ▷_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok, Esq. (SBN 256599)<br>Law Offices of Devin H. Fok<br>P.O. Box 7165, Alhambra, CA 91802-7165<br>TELEPHONE NO.: 310-430-9933　FAX NO. 310-430-9933<br>ATTORNEY FOR (Name): Jane Roe | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 07 2013<br><br>CLERK OF THE SUPERIOR COURT<br>Blake Kreeft<br>By_____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Civil Court-Hayward Hall of Justice

CASE NAME:
Roe v. American Databank, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **HG13 682 746**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [✓] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties　d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel　e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve　　in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6/7/2013

Devin H. Fok
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Roe v. American DataLink | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW **UNLIMITED** CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Heyward Hall of Justice (447)
[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)   [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | | 54 | Notice of appeal - L.C.A |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 88 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 02 | Pet. re: arbitration award |
| | Writ of mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                 A-13

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Devin H. Fok, Esq. (SBN 256599)<br>Law Offices of Devin H. Fok<br>P.O.Box 7165<br>Alhambra, CA 91802-7165<br>   TELEPHONE NO.: 310-430-9933   FAX NO. (Optional): 310-430-9933<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Jane Roe | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>  STREET ADDRESS: 24405 Amador Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Hayward, CA 94544<br>  BRANCH NAME: Hayward Civil Court-Hayward Hall of Justice |
|---|

| PLAINTIFF/PETITIONER: Jane Roe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Databank, LLC | HG13682746 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☐ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* CMC Order07152013; Class Action Complaint07152013

3. a. Party served *(specify name of party as shown on documents served):*

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   David Bradley, Director of Operations

4. Address where the party was served:
   110 16th Street, 8th Floor, Denver, CO 80202

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7-19-13   (2) at *(time):* 2:58 pm
   b. ☐ by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Jane Roe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: American Databank, LLC | HG13682746 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:             (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: American Databank, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☑ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Melissa Brookstone
  b. Address: 5711 W. Kentucky Ave., Lakewood, CO 80226
  c. Telephone number: 1-800-691-6219
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 7-24-13

Melissa Brookstone
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▷ *(signature)*
(SIGNATURE)

Fok, Devin H
P O Box 7165
Alhambra, CA   91802-7165

## Superior Court of California, County of Alameda

| | |
|---|---|
| Roe | No. HG13682746 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| American Databank, LLC a foreign corporation doing bu | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** (Abbreviated Title) | |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 10/22/2013 Time: 03:00 PM | Department: 22 Location: Administration Building Fourth Floor 1221 Oak Street, Oakland CA 94612 Internet: http://www.alameda.courts.ca.gov | Judge: Robert McGuiness Clerk: Monica Martin Clerk telephone: (510) 267-6938 E-mail: Dept.22@alameda.courts.ca.gov Fax: (510) 267-1574 |
|---|---|---|

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   * Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
   † Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/11/2013.

By _Debra Turlado_

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: HG13682746
Case Title: Roe VS American Databank, LLC a foreign corporation doing bu
Date of Filing: 06/07/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| **Judge:** | **Robert McGuiness** |
| **Department:** | **22** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6938** |
| **Fax Number:** | **(510) 267-1574** |
| **Email Address:** | **Dept.22@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### ASSIGNED FOR ALL PURPOSES TO
### JUDGE Robert McGuiness
### DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org). (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) The court appreciates receiving courtesy copies of motions for summary judgment or adjudication, but otherwise, unless directed, counsel should refrain from lodging or emailing courtesy copies. (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Rene C. Davidson Courthouse, 2nd Floor, 1225 Fallon Street, Oakland. (5) Email requests for motion dates preferred. Remember: Email is NOT a substitute for filing of pleadings/documents. (6) The court does provide an expedited informal discovery resolution procedure which MUST be followed before filing a discovery motion. Contact the clerk for details.

## Schedule for Department 22

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held: Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 8:30 a.m. or 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held: Mondays through Thursdays at 3:00 p.m.

- Law and Motion matters are heard: Tuesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are

available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard: Court resources are limited. Counsel encouraged to consider alternative dispute resolution options. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard: Applications are considered only on moving papers and any written response. Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
     Email:        Dept.22@alameda.courts.ca.gov


- Ex Parte Matters
     Email:        Dept.22@lameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22
- Phone:  1-866-223-2244

Dated:  06/10/2013

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/11/2013

By _____Delia Turtado_____

**Deputy Clerk**