IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRAILIA I. DUNFORD, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DATABANK LLC,<br><br>Defendant. | No. C 13-03829 WHA<br><br><br><br><br><br>**REQUEST FOR SUPPLEMENTAL BRIEFING** |

By **JULY 30, 2014 AT 5:30 P.M.**, the parties shall file supplemental briefs on the following issues:

1. The typical fact pattern is that an employer or prospective employer orders a consumer report on an employee or prospective employee. The report is sent to the employer. Our fact pattern is different. Ms. Dunford ordered a report from American DataBank. The report was emailed to Ms. Dunford. She then forwarded the report to San Diego City College, who in turn shared it with various hospitals. In light of the fact that Ms. Dunford (not American DataBank) shared the report with the recipients, shouldn't she be deemed to have made the disclosure? What authority allows her to bring claims under Sections 1681b(b)(2)(A)(i), 1681b(b)(1), and/or 1681c(a)(2) and (5)? How can she bring a claim when she knew or should have known that her report contained the dismissed charges arising from the same transaction as the convictions, but shared it anyway? Please address all relevant authorities.

2. Prior to 1998, Section 1681c(a)(5) stated (emphasis added):

> . . . no consumer reporting agency may make any consumer report containing any of the following items of information: . . .
>
> (5) *Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years.*

Currently, the statute states (emphasis added):

> . . . no consumer reporting agency may make any consumer report containing any of the following items of information: . . .
>
> (2) Civil suits, civil judgments, and *records of arrest* that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> \*     \*     \*
>
> (5) *Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.*

In other words, it appears that stale criminal information, including convictions, could not be reported under the prior statute. Now, "records of convictions of crimes" may be reported. What, if anything, does the legislative history state on this change? Is there any guidance on how to construe "adverse item of information" or "records of convictions of crimes?"

Dated: July 29, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2