IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRAILIA I. DUNFORD, individually and on behalf of all similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN DATABANK LLC,<br><br>    Defendant.<br>                                     / | No. C 13-03829 WHA<br><br>**NOTICE RE HEARING** |

    1.    Please bring to the hearing tomorrow all documents that could possibly be relevant. Counsel who argue the motions must be prepared to find relevant documents promptly upon request at the hearing.

    2.    Section 1681b(b)(1)(A) requires that the "person who obtains [the] report from the agency certif[y] to the agency" that it has complied with provisions of the FCRA and the information in the report will not be used in violation of any applicable federal or state equal opportunity law or regulation. In the present case, the person who obtained the report was plaintiff herself. In the normal case, however, the person who obtains the report is the employer or prospective employer. The employer or prospective employer would make the certification required by Section 1681b(b)(1)(A). The Court has already inquired about what authority allows Ms. Dunford to bring claims under Sections 1681b(b)(2)(A)(i), 1681b(b)(1), 1681c(a)(2), and 1681c(a)(5) in light of the fact that she — not American DataBank — gave the report to San Diego City College, who shared it with the clinical programs. This notice raises a related point, namely, Section 1681b(b)(1)(A) refers to "the person who obtains [the] report from the agency." A tentative reading of this phrase seems to refer to the employer or

prospective employer, not the subject of the report.  Plaintiff argues (Br. 2, 16) that defendant agency violated the certification "requirement because facilities who use its reports to decide whether to allow nursing students to participate in clinical rotations at their campuses d[id] not provide [American DataBank] with the appropriate certification before using the reports."  In other words, plaintiff argues that American DataBank failed to obtain certifications from the clinical facilities (Dkt. No. 40 at 2, 16).  But Ms. Berg, the associate dean at San Diego City College, stated that "[American DataBank] was not involved in forwarding Ms. Dunford's background report to any of the clinical sites that reviewed it" (Berg. Decl. ¶ 10).  How can Section 1681b(b)(1)(A) apply when American DataBank provided the report only to plaintiff and plaintiff herself sent the report to the school, who then shared it with the clinical programs?  Did American DataBank ever directly send Ms. Dunford's report to San Diego City College?  (If so, when?)  If possible, please include this in the supplemental briefing due today and be prepared to discuss this at the hearing tomorrow.

Dated:   July 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2